1  
2  

3  

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

4      USA,

5                 Plaintiff,

6           v.

7      ZEYNETTIN KARIM CETIN,

8                 Defendant.

Case No. 15-cr-00042-TEH-1

**RESTITUTION ORDER**

9  

10         This matter came before the Court on March 7, 2016 for a hearing on restitution.

11  (Docket No. 96.)  Having carefully considered the parties' statements at the hearing, the

12  victim's declaration submitted by the Government, and other relevant evidence in this

13  case, the Court hereby ORDERS that Defendant pay restitution to the victim, V.K., in the

14  amount of $1,595.59, to be paid pursuant to the payment schedule set forth below.

15  

16  **BACKGROUND**

17         Based upon the comprehensive factual background set forth in the Presentence

18  Investigation Report ("PSR," Docket No. 82), and the victim's declaration ("V.K. Decl.,"

19  Docket No. 95) the Court makes the following findings of fact which are relevant to the

20  appropriate calculation of restitution:

21         On December 31, 2014, V.K., an employee of the Social Security Administration,

22  was assisting Defendant with questions about a check when Defendant became agitated

23  and spit into the slot of the window behind which V.K. was sitting.  PSR at 5.  The

24  majority of the saliva entered V.K.'s mouth.  *Id.*  Defendant was subsequently detained,

25  and during the handcuffing process he yelled that he had AIDS and Hepatitis C.[1]  *Id.*  V.K.

26  

27  ————————————————

[1]     According to defense counsel, Defendant "has never suffered from or being diagnosed with HIV," but he yelled that he had the virus because he was afraid that the security guards handcuffing him would "beat him severely."  Def.'s Sentencing Memo at 5 [Under Seal] (Docket No. 86).

28  

United States District Court
Northern District of California

was informed of this statement, and was released from work for the remainder of the day
to seek evaluation at a hospital regarding possible exposure to HIV and Hepatitis C.  *Id.*

On September 14, 2015, Defendant pleaded guilty to two counts: (1) 18 U.S.C. §
111(a)(1), assault on a federal officer; and (2) 18 U.S.C. §§ 3146(a)(1) and
3146(b)(1)(A)(2), failure to appear after pre-trial release.  (Docket No. 78.)  On December
22, 2015, the Court sentenced Defendant to prison for 15 months followed by 3 years of
supervised release, and imposed a special assessment fee of $200.  (Docket No. 90.)  The
Court waived the fine owed by Defendant because of Defendant's inability to pay.

**LEGAL STANDARD**

The Mandatory Victim Restitution Act ("MVRA") makes restitution to victims
mandatory for specified crimes, including "a crime of violence . . . in which an identifiable
victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. §§
3663A(c)(1)(A)(i), 3663A(c)(1)(B).  Courts are required to "order restitution to each
victim in the full amount of each victim's losses as determined by the court." 18 U.S.C. §
3664(f)(1)(A).  The MVRA provides that "[t]he burden of demonstrating the amount of the
loss sustained by a victim . . . shall be on the attorney for the Government" and that "[a]ny
dispute . . . shall be resolved by the court by the preponderance of the evidence." 18 U.S.C.
§ 3664(e).  The government must also show by a preponderance of the evidence that an
individual is a victim of the crime of which the defendant was convicted, and that the
victim's losses were caused by the defendant's offense conduct.  *United States v. Gossi*,
608 F.3d 574, 579 (9th Cir. 2010); *United States v. Peterson*, 538 F.3d 1064, 1074-75 (9th
Cir. 2008).  The MVRA provides that a PSR should contain all of the "information
sufficient for the court to exercise its discretion in fashioning a restitution order." 18
U.S.C. § 3664(a).

///

///

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**DISCUSSION**

The relevant offense to which Defendant pleaded guilty is 18 U.S.C. § 111(a)(1), assault on a federal officer.  The victim of the offense is V.K.  PSR at 6.  As a "crime of violence," restitution is mandatory for this offense.  18 U.S.C. § 3663A(a)(1).  Furthermore, "in the case of an offense resulting in bodily injury to a victim," the Defendant shall "reimburse the victim for income lost by such victim as a result of such offense."  *Id*. § (b)(2)(C).

The Court finds that V.K.'s lost income was caused by the offense.  After Defendant spit on V.K. and saliva landed in V.K.'s mouth, it came to V.K.'s attention that Defendant had stated he was HIV-positive.  Despite the fact the Defendant has never contracted HIV, the Court finds that due to the seriousness of the virus, it was reasonable for V.K. to seek preventative treatment as a result of Defendant's crime and subsequent statement.

V.K.'s declaration states that the extreme nausea she suffered as a side effect of the preventative HIV treatment made it "impossible for [her] to work for a month."  V.K. Decl. at 1.  V.K. exhausted all of her available leave and was required to purchase additional leave.  *Id*. at 1-2.  V.K. was not otherwise compensated for purchasing additional leave.  *Id*. at 2.  The "Leave and Earnings Statement," submitted as Exhibit A to V.K.'s declaration, establishes the amount of the additional leave V.K. purchased: one payment of $698.23, and another payment of $897.36, which comes to a total of $1,595.59.  Ex. A to V.K. Decl.  At the March 7, 2016 hearing, Defendant did not dispute the authenticity of V.K.'s declaration nor the accompanying exhibit.

For the reasons stated above, the Court hereby ORDERS that Defendant pay restitution to V.K. in the amount of $1,595.59, which shall be due immediately.  The Ninth Circuit mandates that the Court must specify a restitution payment schedule in its restitution order.  *Ward v. Chavez*, 678 F.3d 1042, 1046 (9th Cir. 2012) (citing *United States v. Gunning (Gunning I)*, 339 F.3d 948, 949 (9th Cir. 2003); *United States v. Gunning (Gunning II)*, 401 F.3d 1145, 1149 (9th Cir. 2005)).  Under the MVRA, the Court

3

1   may not consider the defendant's ability to pay in determining whether to order restitution

2   or the amount of restitution, but must consider the defendant's ability to pay in establishing

3   a payment schedule.  *United States v. Dean*, 949 F. Supp. 782, 784 (D. Or. 1996).

4           Because Defendant has failed to come forward with any evidence relative to his

5   ability to pay, the Court's assessment is limited to the PSR, which relied on information

6   obtained from a credit report, public record databases, and financial documents completed

7   with Defendant.  PSR at 17.  Defendant has liabilities in the amount of $613.00 and no

8   assets or income.  *Id*. at 18.  Defendant has no history of employment over the past ten

9   years, his only source of income appears to be government benefit programs, and he is

10  represented by court appointed counsel.  *Id.*

11          Considering the Defendant's lack of income and assets, the Court orders that

12  Defendant shall pay the restitution pursuant to the following schedule, effective

13  immediately: [2]

14          1.       While incarcerated, Defendant shall pay restitution at the rate of not less than

15  $25.00 per quarter.  Restitution payments during imprisonment shall be made through the

16  Bureau of Prisons Inmate Financial Responsibility Program.

17          2.       No later than 60 days from placement on Supervised Release, Defendant

18  shall commence monthly restitution payments of not less than $50.00 or at least 10 percent

19  of earnings, whichever is greater, until the balance of restitution is paid in full.  Restitution

20  payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450

21  Golden Gate Ave., Box 36060, San Francisco, CA 94102.

22          Should Defendant's financial circumstances change or should he be unable to meet

23  this obligation, this schedule shall be subject to modification as provided by 18 U.S.C. §§

24  3664(k) and (n).  Any payments made by Defendant shall first be applied to satisfy this

25  Order of restitution.

26

27

_____

28  [2]       Furthermore, the Court finds that Defendant does not have the ability to pay
interest; thus, the interest requirement is waived for the restitution.

United States District Court
Northern District of California

4

**CONCLUSION**

For the foregoing reasons, Defendant's judgment of conviction shall be amended to reflect that Defendant is liable to the victim for **$1,595.59**, to be paid as set forth above. Interest on the restitution is waived due to Defendant's inability to pay.

**IT IS SO ORDERED.**

Dated:  03/09/16

THELTON E. HENDERSON
United States District Judge